PENDLETON, President.
I understood the Special Court, in the case of Claiborne’s ex’rs. v. The Spottsylvania Justices, to decide, that before a suit could be brought against the security to an administration bond, it • was necessary for the plaintiff, in the first place, to convict the executor or administrator, by an actual suit previously brought against him, of having committed a devastavit. But, that decision is founded upon principles of law, which only apply to the case of executors and administrators; and, therefore, it has no influence in the present case; which is an action on a guardian’s, and not on an executor’s or administrator’s bond,
CARRINGTON, Judge.
It was decided in Claiborne’s ex’rs. v. The Spottsylvania Justices, that before a suit can be maintained upon an administration bond, a devastavit must be first established by a suit against the executor or. administrator. But the reasons for that decision, only apply to the case of executors and administrators; and, therefore, they do not affect the present case.
LYONS, Judge.
The case of Claiborne’s ex’rs. v. The Spottsylvania Justices, was confined to administration bonds.* For, an executor or administrator cannot be *291 charged de bonis propriis, until a suit has been brought against him, in order to establish the demand and ascertain the disposition of the assets; and as the bond is only intended as an ultimate security against a devastavit, the devastavit ought to be established, before any action can accrue upon it. But, this can only' be done by a previous suit; which, therefore, is indispensably necessary. It is evident though, that these principles only apply to the case of executors and administrators; and that they have no relation to a suit upon a guardian’s bond.

Cur. adv. vult.

PENDLETON, President.
Delivered the resolution of the Court, as follows:
There is no difficulty upon the two reasons assigned in the District Court, for arresting the judgment. On the judgment now to be given though, a difficulty has occurred. The bond is dated in Nov. 1779, for 50,000/. subject to the scale; which at thirty-six for one, reduces it to 1388/. 17s. 9d. sufficient to cover the plaintiff’s demand. But, there are two orphans, whose interests are to be secured by this penalty; beyond which, the security cannot be made liable; and this judgment may exhaust too much of the fund to admit of justice to the other orphans. On consideration of this subject, since the claims of the orphans may be different, and the remainder of the fund amounting to 488/. Os. 3d. may not be equal to the claim of the other; we give judgment for the whole penalty to be discharged by the plaintiff’s demand. If, in consequence thereof, the judgment, with what the security has paid or shall be obliged to pay the other, should exceed the penalty of the bond, the security may be relieved in equity; where both claims will be reduced to the aggregate of the penalty, and the penalty proportioned between the orphans.
The judgment, after reversing that of the District Court, proceeded thus: It is considered, that the reasons assigned by the appellee in arrest of judgment be over-ruled; and, that the appellant recover against the appellee 1388/. 17s. 9d. being the amount-of the penalty of the bond in the proceedings mentioned, reduced to specie according to the legal scale of depreciation, and his costs by him in the said District Court expended. But, this judgment is to *292 be discharged by the payment to the aforesaid Samuel Peniston of 910¿. 17s. 6J, the damages by the jurors in their verdict assessed, and the costs aforesaid in the District Court, and such other damages as may be hereafter assessed upon a scire facias, being sued out thereon and new breaches assigned.”

[* See Gordon's adm'r. v. The Fred. Just. 1 Munf. 1; and act Feb. 7, 1814, c. 13 Ses. acts. R. C. c. 104, 63, ed. 1819.]