TUCKER, Judge.
The whole tenor of the will of Philip Rootes the elder, shews, that the sons were to be liable to make up the deficiencies of the legacies ; and therefore an account should have been taken of the estates received by them, in order to ascertain their proportions.
That it is necessary, in the case of a creditor, to bring a previous suit against the executor in order to establish the demand, is fully proved by The Spotsylvania Justices v. Claiborne’s ex’ors, 1 Wash. 31; Ruffin v. Call, 1 Call, 333 ; Stewart’s ex’ors v. Taylor, at the last term of this court, and Rock v. Leighton cited in Irving v. Peters, 3 T. Rep. 685. But he must do more in order to charge the securities; for he must prove, upon the trial against them, assets and a devastavit by the executor. This, however, when *the demand has been once ascertained at law in a suit by a creditor, or without such previous ascertainment in the case of a legatee, can be most conveniently done in a court of equity, where all necessary accounts can be taken, and all persons liable to pay, brought before the court and charged at once, so as to avoid perplexity with the jury in the case of a creditor, and circuity of suit in the case of a legatee : and the sureties can sustain no injury from it, because the decree may be joint in the case of the creditor, and special in the case of the legatee, so as to operate upon the executor in the first instance. On the contrary, that course is beneficial to the securities, as it gives them early notice of the demand, and enables them to take measures for their own safety. The objection to the jurisdiction, therefore, is unfounded.
In the present case, however, this course has been wholly pretermitted ; for neither the executors of Philip Rootes the first testator, nor their personal representatives, nor the devisees of Philip Rootes the elder, nor their representatives, are made parties to the suit; but it is brought against the executors and legatees of the securities in the first instance, without any previous steps against the executors of the first testator, and the decree is finally made against part of the legatees of one of the securities only. So that the cause was heard without parties so necessarily connected with and interested in the business, that it was impossible to make a complete decree without them, so as to distribute the burden fairly, and prevent circuity of suit.
Therefore, although I think the demurrer was properly overruled, yet when the answers shewed that other investigations would be necessary, and that there was consequently a defect of parties, the chancellor erred in proceeding to a final decree until they were made, and all interests fully brought before the court.
I am therefore of opinion, that the decree ought to be reversed; and the cause sent back to the court of chancery, that proper parties may be made, and further proceedings had.
«-FLEMING, Judge.
The demand being for a legacy, application to a court of equity was proper; especially when the parties were so numerous, and the want of a discovery clear. The demurrer, therefore, was properly overruled. But, in order to entitle himself to sue upon the bond, the plaintiff ought to have shewn that there were assets, and that a devastavit had been committed; to effect which, other parties were necessary; for the representatives of John Rootes and of Wilcox, as well as the sons of the original testator, and the representatives of Thorpe were all responsible, and ought to have been brought before the court, that the burden might be properly diffused over the various interests concerned. I concur, therefore, that the decree should be reversed, and the cause sent back for new parties, and further proceedings.
CARRINGTON, Judge.
A security cannot be charged for a legacy in the first instance. The opinion of the court in the case of The Spotsylvania Justices v. Claiborne’s ex’ors, 1 Wash. 31, decides that point, as to creditors, and there is no reasonable distinction between debts and legacies, in that respect. I agree, however, that the demurrer was properly overruled upon the face of the bill, as a discovery relative to the mortgage was required; but when the answer came in denying it, and the plaintiffs were unable to prove the facts, that ground failed them, and they were left without a pretence for a suit upon the bond, until they had established their demand against the executor, by a due course of proceedings; and that the assets had been wasted. I am, therefore, of opinion, that the decree ought to be totally reversed, and the bill dismissed with costs.' But a majority of the court think otherwise; and the following is to be the decree :
“The court is of opinion, that the testator, Philip Rootes, having set apart a particular fund for the payment of his debts and legacies, and directed that his whole estate should be chargeable with the payment of the latter, in case that fund should not prove sufficient; and having also required «that his sons, to whom he devised his lands and other estates, either in possession, or when they should attain the age of twenty-one years, or in remainder after the death of his wife, should, upon receiving their parts of his estate, give security (without naming any person to whom such security should be given) for the payment of their proportionable parts of their sisters’ fortunes, and having constituted two of those sons, then of full age, his executors, and a third son, John, when he should come of age, his executor likewise; the requisition of security from those sons, respectively, on receiving their estates, was thereby frustrated ; but that security ought to have been demanded by those executors of the testator’s fourth son George, when he should receive, *1071 from them, the estate devised to him ; and that in default of taking- such security, the executors, or executor, by whom the estate was delivered, thereby, made himself responsible for George’s proportion of his sisters’ fortunes, and that all the four sons of the testator, viz. Philip, Thomas Read, John and George, their heirs and representatives respectively, into whose hands any of the estate of the testator Philip descended, was devised, or came ; and any person whatsoever, to whom the real estate of the said testator may have come by gift or purchase from either of those sons, or their heirs, except bona fide purchasers of the estate devised to his son George, were, and are liable to contribution for the payment or the testator’s daughters’ fortunes, in case of any deficiency of the fund set apart by his will for the payment thereof. That the securities of the executors of Philip and Thomas Read Rootes are liable, in the first instance, only for the misapplication or wasting of the funds so constituted by the testator for payment of the said legacies in case those executors, their heirs or representatives, or those into 4whose hands those funds shall be found to have been taken, shall be unable to make good the same ; but in case those funds shall be found insufficient for the payment of the said legacies, so as to render the estates descended or devised to the testator’s sons, Philip, Thomas Read, John and George, liable to a proportionable contribution for the payment of those ^legacies ; and if it shall be found that the said executors neglected to take such security from George, upon delivering his estate to him, and that the estate of the said George, which can now be resorted to, for his proportionable contribution, is insufficient, and that the estates or estate of the executors or executor, by whom the estate of George was delivered into his possession, is also insufficient to discharge the said George’s proportion, then the said securities of the said Philip and Thomas Read will be further liable to make good the said George’s proportion of such contribution, and no further. And the balance, if any, which may thereafter remain unpaid, must be raised by contribution from those into whose hands the estate of the testator has come, by descent, devise, or gift from the testator, or either of his four sons before' mentioned, or as executor, or executor in his own wrong, or as administrator or trustee for either of them, or into whose hands his lands may have come by descent, devise, or purchase (except bona fide purchasers of the estate devised to George as aforesaid) according to the value thereof. And it is further the opinion of this court that in ease it shall be found that the securities of the said executors are liable according to the principles herein before stated, the heirs, executors and legatees of those securities respectively, ought to be called upon to contribute their proportionable parts, so far as the estate to them descended, devised, or otherwise come to their possession, may extend, the legatees and representatives of the said Richard Schackleford being (alone) chargeable with the amount of the value of the slaves, or other effects which he or they received from the said executors, or either of them, towards indemnifying him on account of his suretyship aforesaid: Therefore it is decreed and ordered, that the decree aforesaid be reversed and annulled, and that the appel-lees pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And it is ordered that the cause be sent to the superior court of chancery held in Richmond, to be proceeded in according to the opinion of the court herein before mentioned.”