Curia, per
Colcock, J.
In this case the motion must prevail. The demurrer was improperly overruled. The defendant demurs because it is not stated that she had assets sufficient to pay the judgment in question; and it is clear that the replication is insufficient and does not state a breach of the bond; for an administratrix is not bound to *115 pay all the debts of an intestate. She is only bound to pay so far as the assets will go, and according to a particular order prescribed by law; so that if she has fully administered, or has only so much in her hands as will pay the bond creditors, and this is a demand on open account, she has been guilty of no breach of her bond. In answer to this it is said, that she might plead that she had fully administered. But the reply to that is first, that she was not prepared for that, for she is so charged as to make her liable at all events. It is not put on the footing of her having assets. She therefore denies that enough has been stated to charge her. Suppose to the action of the two Rogers against her she had pleaded plene administravit, and the verdict had been given for her on that plea, and the plaintiff had chosen to take judgment for assets quan-do acciderunt, has she been guilty of any breach of her bond ? Certainly not. If the facts stated are not sufficient to charge the defendant, under any circumstances, the pleading is insufficient. If in one of the events a defendant is liable, it is not sufficient to state one of them. As in an agreement with an alternative condition, to return a horse or pay his value, she was not bound to pay unless see had assets, and therefore it should have been stated that she had them, or that she had acknowledged that she had them, to which she may have replied according to the circumstances of the case. It may be enough for the present disposition of the ease to stop here, but as another ground of demurrer has been taken, which may again be taken to the replication, after it is amended, it is perhaps the duty of the court to express an opinion on it. It is the first ground of demurrer stated in the brief. That the administratrix has not been summoned before the Ordinary to account, and therefore cannot be sued, according to the decisions in the case of Simkins vs. Powers, 2 Nott and M'Cord 213. and Ordinary vs. Williams and *116 Parkham, 1 N. & M'C. 587. I confess that I have found some difficulty in coming to a determination on this point. The cases referred to are all cases of claims by distribu-tees, and there did appear to be some room for a distinction as to their claims and those of a creditor, as the condition of the bond does indeed refer the adjustment of the claims of distributees more directly to the Ordinary than to airy other tribunal. But when the rights of distributees have been settled in a court of Equity, and the administrator fixed with a liability, we have permitted the parties to sue on the bond, and to take judgment against the sureties for the amount established to be due by the other tribunal. Cureton vs. Shelton 3 M‘C. 412: so that I am satisfied that the principle on which the cases have been decided applies as well to creditors as to distributees.
The responsibility of the sureties is an ultimate one, and therefore a demand on the part of the applicant must have been substantiated, and the responsibility of the administrator established, before they can be sued on the bond. As to creditors, that may be done perhaps as well on the plea of plene administravit to the action brought against the administrator, in his representative capacity, as it could be by the Ordinary or by a court of Equity. But this is indispensable before action can be brought on the bond. This subject is discussed in the case of Lining v. Giles, 2 Const. R. Tread. 720. It was an action by a creditor, where Mr. Justice Brevard says, it is held that “ no action can be maintained on an administration bond where the breach assigned thereon is the nonpayment of a debt or a devastavit, but only for not exhibiting a true inventory and account. For it is said in the words of the condition of the bond, “ he shall well and truly administer,” are construed to apply merely to the bringing in of a true inventory and account, and this is supported by 4 Burns Ecc. L. 428; 1 Salk. 315; Toller 382. Where a judgment is *117 obtained against an administrator, his goods cannot be taken until a nulla bona be returned against the goods of the intestate. 1 Saund. 219. The Judge proceeds — “If the administrator is not personally liable till after such an execution and return, upon what principle can it be contended that his sureties are liable ? Sureties are entitled to the protection of the law. They are only eventually liable in default of their principal. His default ought to be proved by proper evidence in a case wherein he is made a party, and has an opportunity of defending himself. The plaintiff ought to have sued out a fieri facias on the judgment confessed by the administrator, and if that had been returned nulla bona, he ought next to have proceeded against the administrator, and proved that he had wasted the assets, before he could be entitled to an action against the sureties.” And the cases of Braxton vs. Spotsylvania, 1 Wash. 31. Call vs. Ruffin, 1 Call Rep. 333, and Gordon’s Administrators vs. Justices of Frederick, 1 Munford 1, all directly support the doctrine. The Judge then concludes that “ the court of Ordinary might have been applied to, to coerce the administrator to account; and thus the assets might have been ascertained and made answerable.” The first of the cases referred to above, of Braxton vs. Spotsylvania, was an action of debt on an executor’s bond, which is in almost the same terms of our administration bonds, to subjefct the sureties to the payment of a bill of exchange, on which no action had been brought against the executor; but it was alledg-. ed that he paid debts of an inferior grade and wasted the assets, which was denied. The jury found the debt due and that Moore had wasted the estate. Upon which two questions were raised, 1. Whether an action could be maintained before a judgment first had by the plaintiff against the representative of the debtor, and an execution returned nulla bona. Now although the case differs *118 from the one which we have now before us, in this, that no judgment had been obtained by the creditor, yet the court went into the consideration of what was necessary to be done before suit could be brought upon the bond, and after deciding that the creditor should have obtained judgment, they held that the creditor ought to have shewn by his action against Moore, the executor, that he had committed a devastavit. A suggestion of a devisavit may be likened to a criminal prosecution, and an executor shall not be presumed guilty of a devastavit until it is found against him by a verdict. It may be objected that the act does not prescribe that a creditor shall not go against the sureties in the first instance, and therefore the action should be maintained, to which the answer presents itself, that it is an established principle of construction, that when the statute gives a remedy not known to the common law, its rules and the practice of the court founded on the reason of the thing shall be pursued. Therefore we are all of opinion that the judgment of the general court be reversed.” The case of Gordon’s administrators vs. Justices of Frederick was in its particulars exactly the case before us, on an administration bond and in a case of a creditor who had obtained judgment, and to this the plea was payment and fully administered. But it did not appear that there had been any intermediate suit fixing a devastavit. The jury found a verdict for the plaintiff subject to the opinion of the court, whether an action on the administration bond could be maintained without shewing in evidence in such action a judgment in an action of devastavit against the administrator. The county court gave judgment for the defendants, which on an appeal to the district court, was reversed and from that judgment of reversal the defendants appealed. The case is elaborately argued and considered, and the case of Braxton v Spottsylvania which had been questioned is sup *119 ported; and they say the decision was right, that a devas-tavit must be previously fully established. But says Judge Tucker, who delivered the opinion of the court, that brings us to the enquiry, by what course of proceeding this fact may be found against an executor. And here he goes into a review of the various methods which have been formerly pursued in both courts in England, of a return of the sheriff, proceeding by writ of scire facias, by writ of of Enquiry, and lastly by action of debt on the original judgment. The judge then remarks, the executor in either case can plead plene administravit or any other plea which'puts his defence on the event of assets, (unless the first judgment were of assets in futuro,) or the declaration should suggest the accrual of assets. The reason is, it would be contrary to what is admitted by the first judgment; for if he had no assets he should have pleaded it; for it is a general rule, that if a party do not avail himself of the opportunity of pleading matter in bar to the original action, he cannot afterwards plead it either in another action founded on it or on a scire facias. The action of debt on the first judgment (he concludes,) is the clearest, simplest and most unexceptionable course of proceeding, for here the whole matter is set forth and the executor or administrator put on his guard; whereas by this mode of proceeding on the bond and assigning a breach in a replication, there is great room for surprise. In another part of the opinion speaking of the means by which a creditor may get at the administrator or executor who has not made an inventory, he says he may be summoned before the ordinary, and that that course is conformable to the practice in England, and for which he relies on Nelson’s Lex Testamentaria 355. Sir Thomas Raym. Rep. 470. 6 Term Rep. 6. And he adds by the same course, the account of his executorship, which is also to be exhibited, “ when thereunto required by the court” *120 may likewise be obtained. And surely this course is infinitely more likely to attain the great ends of justice than to trust to a common jury to adjust and settle a complicated account of an executor or administrator’s transactions between a creditor and the sureties; or should a resort to a court of Chancery be necessary that may be had to discover concealed assets.
Upon the whole I am satisfied that no action should be had on the bond until by a proper course of proceeding the claim of the creditor be established and it be ascertained that there are assets sufficient to pay his demand or a devastavit clearly and formally established against the administrator.
The condition of the bond is to be construed as imposing an ultimate liability depending on the establishment of the liability of the administratrix to be ascertained according to the established forms of law. As if A. promise to pay to B. a demand which he claims of C. provided C. should prove unable to pay; in which case A. must sue C. and prove his incapacity to pay before he can sue B.

Demurrer sustained, 

(a)

 Lyles vs. Caldwell, 3 M‘Cord 225. Ordinary vs. Maddox, Ib. 237. Cureton vs. Shetton, Ib. 412. See also Magwood vs. Butler, Harper C. R. 264. Glenn vs. Conner, Ib. 267. and Killingsworth vs. Wade, Columbia May 1826, and the next case in the text of Wallace vs. James.