Daniel, J.
The appellees Millar and Humphreys insist, respectively, in their several answers, that the bond on which the suit is founded is not binding on the securities because of faults apparent on its face. They do not, however, (either of them,) point to the particular feature or features of the bond in which the supposed faults are to be found; and the Circuit court simply responds to this ground of their defense by declaring the bond null and void. We are thus left to conjecture the reasons on which the objections to the validity of the bond were rested and sustained.
The act in force at the time of the execution of the bond, (the act of 1819,) requires that every guardian shall give bond to the justices, with sufficient security, conditioned “ for the faithful execution of his office.” And it will be seen that the condition of the bond in question varies from that required by the act in two particulars: Instead of requiring simply “the faithful execution of his office,” it requires the guardian to pay and deliver to his wards all such estate as now is or *178 hereafter shall appear .to he due to them, when and as soon as they shall attain to lawful age or when-thereto required by the justices of the said court; and also further requires, that the guardian shall keep harmless the justices from all trouble and damages that shall or may arise about the said estate. And it is in' one or both of these departures from the terms of the act that the defects, if any, in the bond are supposed to reside. It must be conceded that these departures involve variances not only in form, but also to some extent in substance, from the bond which the law directs to be given; the first clause in the condition stopping short of the full requirement of the act, and the last superadding a new and independent condition, which the act does not mention. It is insisted, however, by the counsel for the appellant, that all question as to the force of these defects on the validity of the instrument, ought to be regarded here as closed by the decision of this court in the case of Call v. Ruffin, 1 Call 333, in which a judgment rendered on a bond exactly like this was affirmed, and by the fact that the bond here has strictly pursued the form prescribed in the books of forms which have been and still are usually consulted by the justices and clerks as guides in taking such bonds.
The decision in Call v. Ruffin does not seem to me to be entitled to all the weight which is claimed for it as an authority applicable to this case. The bond in that case (as will be séen from the statement of Judge Pendleton in delivering the opinion of the court) was dated in 1779, at which period the act of 1748 was still in force. And by said last mentioned act the direction to the -courts in respect to the bonds of guardians, was that they should “ take good security of all guardians by them appointed for the estates of the orphans to them respectively committed.” Hen. St. eh. 4, § 4, p. 4§0. The first clause of the con *179 dition of the bond, therefore, in that case, was almost in exact conformity with the very words of the act under which it was taken.
Still, as the justices, most probably not adverting to the alteration in the condition of the bond first required in the act of 1785 and since followed in the act of 1819, have continued to use the old form, a declaration of the invalidity of bonds on the score of such defects as are alleged against the one under consideration, could not fail to be productive of most serious evils. And even if I entertained the opinion that a free and untrammeled consideration of the question as an open one, would probably result in a conclusion' unfavorable to the validity of such bonds, I would, in view of the consequences likely to ensue from such a decision, feel strongly inclined, if not indeed constrained to defer to the usage.
I am, however, satisfied that a reference to the authorities will result in showing that the defects in the bond under consideration do not affect its efficacy to bind the parties, to the extent of their undertaking.
The effect on the validity of the bond of a public officer, of superadding a condition not required in the act directing the bond to be taken, is very fully considered by Judge Story in delivering the opinion of the Supreme court of the United States in the case of United States v. Bradley, 10 Peters’ R. 343. The English cases are there reviewed, and the doctrine is deduced from them, as well as from previous decisions of the Supreme court, that there is no solid distinction in cases of this sort between bonds and other deeds containing conditions, covenants or grants not malum in se but illegal at the common law, and those containing conditions, covenants or grants illegal by the express prohibition of statutes. In each case the bonds or other deeds are void as to the conditions, covenants or grants that are illegal, and are good as *180 to all others which are legal and unexceptionable in their purport. The only exception is where the statute has not confined its prohibitions to the illegal conditions, covenants or grants, but has expressly or by necessary implication avoided the whole instrument to all intents and purposes. The judge proceeded further to declare, that inasmuch as the act merely prescribed the form, and purport of the bond to be taken, and did not declare that all other bonds not taken in the prescribed form should be utterly void, it would be a mischievous interpretation of the act to hold that under such circumstances it was the intendment of the act that the bond should be void. And that it was a sufficient compliance with the policy of the act, and in consonance with the dictates of the common law and of common sense, to hold the bond void, as to any condition imposed beyond what the law required, and good, so far as it was in conformity to the act.
The cases of Central Bank v. Kendrack, Dudley (Geo. R.) 67; Speck v. The Commonwealth, 3 Watts & Serj. 324; Commonwealth for &c. v. Pearce, 7 Monr. R. 317; Walker v. Chapman, 22 Alab. R. 116, are all to the same effect. See also 2 Rob. Pr. 35, 36.
Even, therefore, if the condition in respect to indemnifying the justices imposed upon the guardian some new and onerous duty, wholly foreign to the nature of his office, we should be well justified in refusing to “ call in aid a distinct condition which might be illegal to vitiate that which is clearly legal.” Collins v. Gwynne, 20 Eng. C. L. R. 189.
That the want of conformity, in the first clause of the condition, to the terms of the act does not vitiate the bond, would seem to be still more obvious. It would seem to be absurd to hold the parties not responsible for a failure of the guardian to perform one of his duties, and that the main duty of his office, simply because the condition of the bond, falling *181 short of the comprehensive language of the act, has failed to stipulate in terms for the performance of all the duties of his office. It is enough that the condition is coextensive in its stipulations with the breach or breaches alleged.
The suggestion of insufficiency in the bond because of the failure in the condition to recite the appointment of Wright as guardian, is fully met by the decision in Call v. Ruffin, before cited. The same objection to the bond was there taken; and indeed that was the only objection to the sufficiency of the bond, to which the attention of the court was in that case specially directed in the assignment of errors. The objection was, as has been seen, of no avail. And no ground is laid in subsequent legislation on the subject, from which to infer the necessity of such a recital now.
I do not see on what ground any doubt can be raised as to the jurisdiction of the Circuit court. The bill calls for an account of the guardianship; and if the Circuit court had not been of the opinion that the bond was null and void, and consequently, that there was no foundation for relief against the surviving surety and the representatives of the sureties that are dead, I apprehend it would have found no obstacle, arising out of the nonresidence of the guardian, to prevent its taking jurisdiction of the cause, as well as to him as to the other defendants. It is true, that in Call v. Ruffin it was held that the ascertainment, by previous suit against the guardian, of the demand against him, was not in all cases essential (as it was in a suit upon an executor’s bond) to the maintenance of a suit at law on the bond; but that case has never been understood by the courts as settling that the right so to proceed at law on the bond was in exclusion of the jurisdiction of chancery to hold the guardian to an account, and his securities with him, to the *182 payment of any balance found due to his ward. If the guardian in this case was within the jurisdiction of the court, neither he or his sureties could be heard to object that the proceeding ought to have been by suit at law instead of by bill in equity. His absence does not oust the court of chancery of its jurisdiction. His sureties or their representatives are within the jurisdiction of the court, and no reason is perceived why the suit may not proceed, as in other cases where some of the defendants are within and others without the jurisdiction of the court. His absence may be the occasion of inconvenience and trouble in making up the account, but it presents no legal bar to the relief sought.
It seems to me that the decree ought to be reversed, and the cause remanded for further proceedings in accordance with the principles herein declared.
Moncure and Samuels, Js. concurred in the opinion of Daniel, J.
Lee, J. concurred in the opinion, except that he was not disposed to give as much weight to the practice as to the forms of the bonds as was attached to it in the opinion.
Decree reversed.