92   601
103   120

### Richmond.

JACKSON AND OTHERS V. HOPKINS.

FEBRUARY 13, 1896.

1. BONDS WITH COLLATERAL CONDITION—*Breach.*—In an action on a bond with collateral condition the breach of the condition is the gist of the action, for without a breach there is no cause of action. But the breach assigned must be of the condition set forth in the bond, and, if the condition of the bond is to pay costs and damages sustained by any one by reason of suing out an action of detinue, and the breach assigned is a failure to pay damages sustained by reason of the seizure and sale of the plaintiff's property taken in the action of detinue, as in the case at bar, the declaration is bad on demurrer.

2. STATUTORY BONDS—*Unauthorized Conditions—Omissions.*—A bond taken by a court or officer in pursuance of a statute is not vitiated because, by mistake, an unauthorized condition is inserted in it, or some condition prescribed is omitted, unless the statute, by express words or necessary implication, makes it wholly void; and the bond may be sued on, so far as the conditions are good, as a statutory bond.

Error to a judgment of the Circuit Court of Princess Anne county, rendered October 4, 1892, in an action of debt, wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Reversed.*

E. V. K. Hopkins, being indebted to Lascelle Jackson, executed a deed of trust on certain horses to F. M. Whitehurst to secure the debt. When payment was demanded the debtor absconded, and the horses were removed to another part of the county. The trustee demanded possession of the horses of those in possession, for the purpose of making sale

thereof, when the plaintiff, Maria Hopkins, for the first time claimed them. Thereupon the trustee, for the benefit of Jackson, instituted his action of detinue to recover them, and, as ancillary thereto, Jackson, with Braithwaite as his surety, executed a bond in the penalty of $2,000, payable to Elery Hopkins, with the following condition:

"The condition of the above obligation is such that whereas, in an action of detinue instituted in the Circuit Court of the county of Princess Anne, in which Lascelle Jackson is plaintiff and Elery Hopkins is defendant, the said Lascelle Jackson did, on the 27th day of October, 1891, in due form of law, before Floyd Hughes, notary public of Norfolk city, make the proper affidavit to sue out of the clerk's office of said Circuit Court an action of detinue against the estate of the said Elery Hopkins, for the sum of one thousand dollars, being the amount claimed by the said Lascelle Jackson in the said suit, which said action of detinue is directed to the sheriff of the county of Princess Anne, and is returnable at the clerk's office of the said Circuit Court at the rules to be holden for said court on the third Monday in November, 1891; now, if the said Lascelle Jackson shall pay all costs and damages which may be awarded against him, or sustained by any person by reason of his suing out the action of detinue, then the above obligation to be void; otherwise to remain in full force and virtue."

The horses, being expensive to keep, were sold under an order of the court, and brought $661.50. Thereupon the plaintiff, Maria Hopkins, brought this action on said bond. There was a verdict and judgment for the plaintiff for $1,120, and interest and costs.

*Whitehurst & Hughes*, for the plaintiffs in error.

*Burroughs & Bro.*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The demurrer to the declaration in this case, we think, ought to have been sustained. The condition of the bond sued on, as stated in the declaration, was that the principal obligor therein would pay all costs and damages which might be awarded against him, or sustained by any person by reason of his suing out an action of detinue.

The breach assigned, and the damages claimed in each count of the declaration, were for the failure to pay and satisfy the damages sustained by the defendant in error by reason of the seizure and sale of her property in proceedings under section 2907 of the Code, ancillary to the action of detinue.

The condition of the bond was to do one thing. The breach assigned, for which damages were claimed, was for failure to do another. The breach of the bond is the gist of the action, for without a breach there is no cause of action.

The condition of the bond is not sufficiently broad, as the defendant in error contends, to cover the breach assigned. This is apparent from the form of the bond prescribed by the statute. (Section 2907 of the Code.) It provides that the bond shall be " payable to the defendant, with condition to pay all costs which may be awarded against the plaintiff in such action or warrant, and all damages which may accrue to the defendant, or any other person, by reason of the seizure of such property " under the order or process issued in the proceeding given by that statute. The obligors in the bond, if it is taken in accordance with the statute, undertake to do two things—first, to pay all costs that may be awarded against the plaintiff in the action of detinue; second, to pay all damages that may accrue to the defendant, or any other person, by reason of the seizure of the property under the statutory proceeding.

If the former of these undertakings were sufficiently broad to cover the damages accruing from the seizure of the property, as well as the costs awarded in the action of detinue, there would be no necessity for the latter undertaking.

The former was intended solely for the benefit of the defendant in the action of detinue, by securing the payment of his costs. The latter was intended for the benefit of the defendant in that action, and any other person who might be injured by the seizure of the property. The plaintiff in this case was not the defendant in the action of detinue, and could only rely upon the latter undertaking required by the statute, and that was wholly omitted from the bond sued on. But its omission does not render the bond void, as the plaintiffs in error insist.

It would not be in consonance with the rules of the common law, nor with the dictates of common sense, to hold such a bond void. Where the court or officer taking it has the authority or capacity to take it, and makes a mistake, by omitting some condition prescribed, or by inserting a condition not authorized, the bond is not vitiated, unless the statute, by express words or necessary implication, makes it wholly void. The bad does not vitiate the good ; and the bond may be sued on, so far as the conditions are good, as a statutory bond. *Pratt* v. *Wright*, 13 Gratt. 175 ; *Gibson* v. *Beckham*, 16 Gratt. 321.

The breach assigned in the declaration not being within the condition of the bond, the court erred in overruling the demurrer.

Upon the trial of the case, the bond was introduced in evidence. It contains no other condition than that stated in the declaration. This action having been brought for a cause not within the terms or conditions of the bond, it cannot be maintained. The defect is not one of form, but goes to the foundation of the action.

The judgment of the Circuit Court must be reversed, the demurrer to the declaration sustained, and judgment rendered in favor of the plaintiffs in error, without prejudice to the right of the defendant in error to institute such other proceedings as she may be advised.

*Reversed.*