## Richmond.

## YOST v. RAMEY AND OTHERS.

### November 23, 1904.

1. STATUTORY BONDS—*Condition Not Authorized.*—A statutory bond is not invalid because it contains some provisions or conditions not prescribed by the statute. It is void as a statutory bond as to the provisions and conditions not authorized by law, but so far as it complies with the statute it may be enforced as a statutory bond, if the authorized and unauthorized provisions and conditions can be severed.

2. ATTORNEY IN FACT—*Excess of Power.*—Where an attorney in fact is authorized to sign his principal's name, as surety for an executor, to the "bond required by the court" of the executor, and he signs the name to such bond, which contains some provisions not required by law, which conditions are severable and void, this is not in excess of the attorney's powers, and his principal is bound.

3. EXECUTORS AND ADMINISTRATORS—*Bond of Executor—Unauthorized Conditions—Legal Duress.*—The law requires a bond, with certain conditions, to be executed before an executor is allowed to qualify as such, and where such bond, with sureties, has in fact been executed, but contains severable conditions not required by law, the obligors will not be heard to say that they acted under legal duress. The doctrine of legal duress applicable to contracts extorted by officers under color of their office has no application to bonds required by law.

Appeal from a decree of the Circuit Court of Rockingham county, in a suit in chancery, wherein the appellees were the complainants, and the appellant and others were the defendants.

*Affirmed.*

The opinion states the case.

*A. C. Braxton, T. K. Hackman* and *J. B. Stephenson,* for the appellant.

*T. N. Haas, E. E. Stickley* and *Sipe & Harris,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The principal question in this case is whether the sureties of Winfield Liggett, executor of E. W. Sibert, deceased, are bound by his alleged executorial bond. The bond was executed after the Code of 1887 had gone into effect, but instead of containing the waiver provided by section 177 of that Code, which was that such bonds should "contain as to the respective obligors a waiver . . . of any claim or right to discharge any liability to the Commonwealth arising under said bond or by virtue of said office, post or trust, with coupons detached from bonds of the State." It contained the waiver provided by an act approced August 26, 1884 (Acts 1884, pp. 24-5), which was that "as to all the obligors executing same . . . a waiver of any claim, right or privilege to discharge any liability arising under said bond, or by virtue of said office or trust in any currency, funds, counter-claims or offsets, other than legal tender currency of the United States," and which was no longer in force.

One of the contentions of the sureties is that the insertion in the bond of a waiver or condition not authorized by law rendered the bond invalid as a statutory bond.

The question involved in that contention has been carefully considered by this court and a different conclusion reached. In the case of *Pratt* v. *Wright and Others,* 13 Gratt. 175, 67 Am.

Dec. 767, the bond of the guardian varied from the act under which it was taken in two particulars. Instead of requiring simply "the faithful execution of his office," as the statute provided, it required the guardian to pay and deliver to his wards all such estate as now is, or as hereafter shall appear to be due to them when and as soon as they shall attain to lawful age, or when thereto required by the justices of the court"; and it also required that the guardian should save harmless the justices from all trouble and damages that might arise about the said estate. These departures involved variances, said the court, not only in form, but also to some extent in substance, from the bond which the law directed to be given; the first clause in the condition stopping short of the full requirement of the act, and the last super-adding a new and independent condition which the act does not mention. Notwithstanding these variances, the court held that, although the bond was not as extensive as the statute required, yet as it related to a part of the duty of the guardian, the bond was not void, but bound the obligors to the extent of that condition; and it further held that the covenant in the bond to indemnify the justices, which was not required by the act, and therefore not obligatory, did not avoid the bond. The court rested its conclusion upon the principle that there is no valid distinction between bonds and other deeds containing conditions, covenants or grants, not *malum in se* but illegal at common law, and those containing conditions, covenants or grants illegal by the express prohibitions of statutes. In each case the bonds or other deeds are void as to conditions, covenants or grants that are illegal, and are good as to all others which are legal and unexceptionable in their purport. The only exception is where the statute has avoided the whole instrument to all intents and purposes.

In *Gibson* v. *Beckham, &c.*, 16 Gratt. 321, which involved,

among other things, the validity of an administrator's bond, Judge Allen, who delivered the opinion of the court, reviewed the decisions of this court upon the subject we are now considering, and upon other questions which arose in that case, and declared that from those cases might be deduced, among others, the following principle: That "where the court or officer has authority or capacity to take a bond, and makes a mistake by omitting some condition prescribed or inserting a condition not authorized, or illegal, unless the statute by express words or necessary implication makes it wholly void, the bond is not void; the good shall not be vitiated by the bad, and the bond may be sued on so far as the conditions are good as a statutory bond. . . ." And then adds that those principles, firmly established, are essential to the security of the public and individuals. Bonds of sheriffs, clerks, and other officers, of administrators, etc., are taken in the absence of those who may be most affected by the acts of such functionaries, and should be sustained unless clearly made invalid by law. "Nor do I perceive," he said, "how the surety, as has been argued, can occupy any higher ground than his principal. It is his intervention which has enabled the principal to act, and he should be bound to the extent of his obligation for him." The principle announced in these cases was approved and followed in *Jackson* v. *Hopkins*, 92 Va. 601, 604, 24 S. E. 234.

Section 177 of the Code, which was the law in force when the bond in question was taken, merely describes the form and purport of the bond to be taken and does not declare that all other bonds not taken in the prescribed form shall be utterly void; and, as was said in *Pratt* v. *Wright, &c., supra,* approving and following *U. S.* v. *Bradley,* 10 Peters, 343, 9 L. Ed. 448, "it would be a mischievous interpretation of the act to hold that under such circumstances it was the intendment of the act that the bond should be void, and that it was a sufficient com-

pliance with the policy of the act, and in consonance with the dictates of the common law and common sense to hold the bond void as to any condition imposed beyond what the law required and good so far as it was in conformity to the act.

The covenant in the bond, by which the obligors waived any claim, right or privilege to discharge any liability arising under the said bond, or by virtue of said office or trust in any currency, funds, counter-claims or offsets other than legal tender currency of the United States, not being required by the statute, was not obligatory on the parties, and to that extent the bond is void, as a statutory bond, but the bond may be sued on so far as its conditions are in conformity to the act. The condition of the bond, that the executor "shall faithfully discharge the duties of his office," and which is in conformity to the statute (Code, sec. 177), is sufficiently broad to cover the breach or breaches alleged and proved, and upon which is based the decree complained of.

Having reached the conclusion that the bond, in so far as it contained conditions which were not authorized by law, was void, it follows that the contention of Yost, one of the sureties, who executed the bond by an attorney in fact, that he is not bound by the bond because its provisions were in excess of the power conferred, cannot be sustained. His power of attorney authorized his attorney in fact to execute for him, as one of the sureties of Liggett, "the bond required by the court." The bond, so far as it is valid and effective, does not contain any provision or condition in excess of what the statute required, and what it was the duty of the court to insert in the bond. The act of the attorney in fact was therefore within the power conferred.

It is further insisted that the executor was "required by the court" to execute the bond in question as a condition precedent to his exercising the functions of his office; that it was there-

fore an involuntary bond, and, its conditions being in excess of the requirements of the statute, is void, because executed under legal duress.

The doctrine that contracts extorted *colore officii* are executed under legal duress and are therefore void, applies, we apprehend, only to contracts which the law does not require, for such a bond stands not upon the statute but upon the voluntary consent of the obligor to assume obligations outside of the law; but where the law requires a bond with certain conditions to be inserted, the pressure of the court or officer demanding it is not the pressure of official power, but the pressure of the law, and the party who has only complied with a legal obligation will not be heard to say that he did not act voluntarily but under the compulsion of official power. If such a bond contain conditions or provisions in excess of the requirements of the statute, to that extent, as we have already seen, it is void, as a statutory bond, but so far as it contains conditions or provisions required by the statute, it must be regarded as voluntarily given, and will be enforced as a statutory bond *pro tanto*, unless the authorized and unauthorized conditions and provisions of the bond are so interwoven that they are not severable. That the valid and invalid conditions and provisions of the bond under consideration are separable is clear. The valid condition of the bond is capable of being treated as a complete contract by itself.

We are of opinion that there is no error in the decree appealed from, and that it should be affirmed.

*Affirmed.*