# WHEELING.

## LEWIS *v.* SPENCER.

### July 15, 1874.

1874.
June Term.

1. A court of equity has jurisdiction to enjoin a sheriff from making sale of personal property for the payment of taxes, on which he has levied, where the bill alleges that said taxes have been fully paid and discharged.

2. Upon proof that the taxes have been paid off and discharged, the injunction will be perpetuated.

Appeal, by the complainant below, from two decrees of the circuit court of Roane county, rendered on the 13th and 14th of November, 1872, dissolving an injunction and dismissing a bill, in a suit then pending in said circuit court, between Edward Lewis, complainant, and John W. Spencer and N. P. Lee, respondents.

The object of the suit was to restrain the respondent Spencer, who was at the time acting sheriff of said Roane county, and said Lee, his acting deputy, from making sale of a horse theretofore distrained and advertised for sale, to satisfy certain taxes for the year 1868, in the hands of said sheriff, or his said deputy, for collection, against the estate of James A. Lewis, who was the father of complainant. The bill alleged that the taxes, for which said distraint had been made, had been fully paid and discharged, to one Adelbert Noyes, an acting deputy of said sheriff, by the representatives of the estate of said James A. Lewis; and the proof fully sustained the allegation of payment. The testimony also proved that there was special authority, in this case, to receive payment of the taxes in controversy, in addition to the general authority inhering in said Noyes, as such deputy.

87

Spencer answered admitting that Noyes was his deputy for the year 1868; alleging that Noyes was his deputy "for said county of Roane and no where else;" that the tax ticket against said estate was never delivered to said Noyes, but was retained by respondent in his own possession; that said Noyes happening to be in the county of Kanawha after said taxes were assessed, made out a tax ticket for the same, at the request of said personal representatives, and collected it; denied the authority of Noyes to make the collection, and charged that if paid, it was paid to a person wholly unauthorized to receive the same; and that the said personal representatives should have made inquiry as to the authority of said Noyes to go into Kanawha county and make such collection, "particularly as said Noyes then and there made out such ticket."

The respondents took no testimony. The complainant rested his case on the deposition of said Noyes, which sustained the material allegations in his bill, and which was unimpeached, and read upon the hearing—all objections thereto having been overruled.

The Hon. Robert S. Brown, judge of said circuit court, presided at the hearing below.

*William H. Hogeman*, for the appellant.

*Henry C. Flesher*, for the appellees.

PAULL, JUDGE:

The only question presented upon the record in this case is as to the jurisdiction of a court of equity to enjoin a sheriff from the sale of personal property, which he has distrained for the payment of taxes.

The bill alleges that the sheriff of Roane county claiming that certain taxes were due and unpaid, had levied upon a horse of the plaintiff for the payment of the same, and had advertised said horse for sale; that the taxes for which said levy was made had long since been paid off and discharged, and if said horse was disposed of under said advertisement and sale, great injury, loss and damage would accrue to the plaintiff.

The judicial history of Virginia, and of this State, fails, so far as we are aware, to present any case, wherein the question here presented, has been adjudicated.

Various and different grounds have been assigned on which this jurisdiction is claimed to be based, and the decisions not altogether uniform. See 3 Munford 99 and 559, where it was *held* that a court of equity might enjoin a sale of personal property until the question of title was settled, and that a party claiming the property should not be left to an action at law for uncertain damages. This decision however was modified by the subsequent cases in 3 Rand. 25 and 170. Mr. Tucker, in his Commentaries, 2 vol., 481, expresses strong dissent from these latter cases.

In the later case of *Crawford v. Thurmond*, 3 Leigh, 85, the facts were these : before an execution had been delivered to the sheriff the debtor had made full satisfied, to the creditor, and taken his receipt in full for the debt; it was *held* that though the debtor might have made a motion to quash the execution, and thus have had a remedy at law, yet equity may give relief by way of injunction to inhibit further proceedings on the execution.

The case under consideration is perhaps not materially different in principle, if it is conceded that the tax payer has a remedy at law against the sheriff, as a trespasser, and obtains damages by way of compensation for the injury he has sustained, from what turns out to have been illegal conduct on the part of the officer. The latter is armed with the authority of law, with the tax bill in his hands, to distrain, at once, the property of the citizen. If, upon his alleging that the very taxes for which the levy has been made have been paid off and discharged, he is not permitted to come into equity to stay the hand of the officer, until the truth of the facts can be ascertained, it is manifest that he may be subjected to great hardships and inconvenience. The levy may have been made, for example, upon the engine or other machinery in his mill or other establishment, which are thereby stopped, and the

owner required to await the result of an action for damages, after the sale and removal of the property have been effected. A debtor, against whom an execution has issued, but who claims that he is entitled to further credit, on the same, is debarred an entrance into a court of equity for the reason that he may apply to the court whence the execution issued, and have the wrong corrected. *Morrison v. Speer*, 10 Gratt. 228; but this case is distinguished from the case of *Crawford v. Thurmond*, 3 Leigh. 85, hereinbefore cited. In the case before us, the citizen has no such ready and effectual means of relief. In this connection the act of the Legislature found in section two of chapter one hundred and fifty-eight of the acts of 1871, may be referred to. It provides that no court shall have jurisdiction to enjoin the sale of any real estate delinquent for taxes, unless (among other things) it be averred in the bill that all taxes and levies which have been made and assessed thereon, have been fully paid. This would seem to imply that in regard to real estate, at least, that where this allegation is made such injunction may be awarded; and no sufficient reason is perceived why the same course may not be pursued in regard to personal property, where sale, as we have seen, may also result in great inconvenience to the citizen. Upon the whole we think the jurisdiction of the court, under the allegations of this bill, should be sustained. The evidence in this case satisfactorily shows that the taxes for which the levy was made, were paid off and discharged, previous to such levy.

We are therefore of opinion that the decree of the circuit court of Roane county, made in this cause, on the 13th day of November. 1872, is erroneous, and the same is hereby reversed with costs to the appellant; and this Court proceeding to render such decree as the circuit court should have rendered, doth adjudge, order and decree, that the order of injunction heretofore made in this cause, be made perpetual.

Haymond, President and Moore, Judge concurred.

Absent, Hoffman, Judge, by reason sickness.

DECREE REVERSED AND INJUNCTION PERPETUATED.