HOLLIDAY'S EX'RS v. MYERS et al.

(Absent, GREEN, PRESIDENT).

Decided September 10, 1877.

1877.
August Term.

The plaintiff brought an action of debt against the defendants, and the declaration filed alleges that on the 15th day of April 1869, the defendants, by their certain writing obligatory, "bound themselves, their heirs, executors, administrators, &c., jointly and severally to pay unto J. and R. Holliday, executors as aforesaid, the sum of $400.00; the conditions of said obligation being in substance as follows, to-wit: If the said Joseph Myers shall well and truly pay unto said J. and R. Holliday, executors of J. W. Holliday, the judgment in a suit, and all loss, damages or injury they may sustain by reason of an injunction which was awarded by E. B. Hall, Judge, on the 28th day of January 1869, in the case of John W. Holliday's executors v. Joseph Myers, then said obligation shall be void; otherwise to remain in full force and effect. And plaintiffs aver that the judgment due them which was enjoined by the order of E. B. Hall, on the 28th day of January 1869, was for the sum of $100.00, with interest thereon from the 24th day of December 1861; and $100.00 with interest from the 24th day of December 1862, and $24.41 costs of the original suit, and $32.45, costs of the injunction suit; and that the injunction so ordered by said E. B. Hall, Judge, &c., was dissolved on the 15th day of November 1870, and that in pursuance of the statutes in such case made and provided the said plaintiffs were entitled to recover from the defendants the amount of said judgment and costs as aforesaid, together with ten per cent damages thereon from the 28th day of January 1869, to the 15th day of November 1870, and costs of the injunction, $32.45. Yet the said defendants have not paid the amount of the said judgment for debt, interest and costs, or damages aforesaid, &c. The declaration was filed at April rules, 1871. Afterwards, on the 22d day of September 1871, the parties ap

peared in court, by their attorneys; and the office judgment had at rules in the cause was set aside, and the defendants filed their joint plea to the action, upon which issue was joined. Afterwards, on the 4th day of January 1872, the parties again appeared in court, by their attorneys, and the defendants, by their attorney, withdrew their plea at a former day pleaded. Thereupon the plaintiffs having proved their cause it is considered by the court that the plaintiffs recover against the defendants, Joseph Myers and James M. Johnson, $301.72, with interest thereon from the 4th day of January 1872, till paid; also their costs by them on their behalf in this cause expended. And the defendants file their bill of exceptions in the following words and figures, to-wit, which are duly signed and enrolled: "No demurrer was filed to the declaration, and oyer was not craved of the bond declared upon." The third section of chapter 134 of the Code of this State, provides that "no judgment or decree shall be stayed or reversed for the appearance of either party, being under the age of twenty-one years, by attorney, if the verdict, when there is one, or the judgment or decree, be for him and not to his prejudice; or for want of warrant of attorney; or for want of a *similiter;* or any misjoining of issue; or for any informality in the entry of the judgment or decree by the clerk; or for the omission of the name of any juror; or because it may not appear that the verdict was rendered by the number of jurors required by law; or for any defect, imperfection or omission in the pleadings which could not be regarded on demurrer; or for any other defect, imperfection or omission which might have been taken advantage of on demurrer or answer, but was not so taken advantage of. HELD:

I. For reasons stated in the opinion, in writing filed in the cause, that under and by virtue of said 3d section of said 134th chapter of the Code, the defects in said declaration are cured after the rendition of said judgment.

II. That the allegations of the declaration do not affirmatively show that plaintiffs have no right to recover in the action[s]

III. That although the conditions of an injunction bond are not so extensive as the statute requires, yet, if it contains a material part of the condition required, the bond is not void, but binds the obligors to the extent of such condition or conditions; and where the bond contains some conditions or promises not required by the statute, and some of those which are required, it is valid and binding to the extent of the latter.

IV. The judgment rendered is not a judgment by default within the meaning of the 5th section of said chapter 134 of the Code of this State.

V. The judgment is not by confession within the meaning of the 2d section of chapter 134 of the Code of this State.

*Supersedeas* to a judgment of the circuit court of the county of Jefferson, rendered on the 4th day of January 1872, in an action of debt, then pending in said court, wherein J. and R. Holliday, executors of John W. Holliday, were plaintiffs, and Joseph Myers and James M. Johnson were defendants.

The *supersedeas* was allowed upon the petition of the defendant James M. Johnson.

Hon. E. B. Hall was Judge of the circuit court of Jefferson county, at the time the judgment complained of was rendered.

The facts sufficiently appear in the opinion of the Court.

*James M. Mason*, for defendant below and plaintiff in error :

It affirmatively appears, that suit is brought on a *defective* injunction bond, and that the injunction was awarded to stay proceedings on a judgment for money. The proposition is : A defective injunction bond does not furnish any cause of action.

I.—1. Every action on an injunction bond must proceed on the theory that an injunction caused a stay of proceedings, which stay produced damage.

2. The plaintiff must demand the damages occasioned by the injunction. The averment, that he is damaged by the stay, is the gist of the action.

This is so, although he declares in debt ; because since 8 and 9 W. III. (Code, chapter 131, §17), *debt* on a penal bond is, in substance, the same as *covenant*, the demand is for damages : *Drage* v. *Brand*, 2 Wils. 377 ; *Goodwin* v. *Crowle*, Cowp.; *Hurst* v. *Jennings*, 5 B. & C.; *Perkins*

v. *Giles*, 9 Leigh; *Strang* v. *Holmes*, 7 Cowp. Hence, we may deal with the case precisely as if this were an action of covenant, and if it appears, from the declaration, that the plaintiff did not sustain *any* damage, then it also appears that he has no cause of action. When it appears that a cause of action does not exist, the judgment will be reversed after verdict : *Boyles* v. *Overby*, 11 Gratt.

3. The plaintiff was not damaged unless the injunction took effect : if there was no stay, there was no damage. Hence if it appears, that the injunction did not take effect, then it also appears, that he did not sustain any damage.

4. The injunction does not take effect, until a particular bond is executed. The statute is express : Code, chapter 133, §10. The precise terms of the required condition are declared; no other condition will effectuate the injunction. If the proper bond be not given, or, what is the same thing, if an improper bond is executed, the injunction does not take effect. Hence if it appears that an improper bond was executed, then it also appears, that the injunction did not take effect.

5. But we have seen :

1. If there was no damage, there was no cause of action.

2. If there was no injunction, there was no damage.

3. If the bond was defective, there was no injunction. Hence if the bond was defective, there was no cause of action.

II. A defective injunction bond cannot be treated as a common law security.

1. The *proper* injunction bond possesses a peculiar effect; it possesses an *eccentric* operation ; it accomplishes an injunction ; it gives vitality and efficiency to the order for a stay of proceedings ; the injunction order is nugatory, until and unless the *proper* bond is executed.

2. Since this action and *every* action must proceed on the idea, that an injunction causes a stay of proceedings,

therefore *every* action must be based on this *eccentric* operation; and if the bond does not possess this statutory (eccentric) effect, it does not create *any* liability, viz: if it be void as a statutory bond, it is void as a common law security. Herein is the distinction between an action on a defective injunction bond and an action on a defective forthcoming bond; the latter will, but the former will not create a liability.

3. Many statutory bonds possess both the statutory and a common law operation; such bonds may be good as common law securities, although void as statutory instruments, because defective, *e. g.*: the eccentric operation of a forthcoming bond is, that the obligee may obtain judgment by *a mere motion*. But the forthcoming bond also creates a common law liability, imported, *proprio vigore* by the language employed. Hence, the plaintiff may either base his action on the *eccentric* effect, and obtain judgment by a mere motion, or he may treat it as a common law security, and bring debt or covenant. Again. The bond, prescribed by Code of 1819, for an administrator c. t. a. was payable to the justices of the county court; its eccentric effect was, that the *legatee,* a stranger, might maintain an action in his own name, whereas the familiar rule limits suit to the *parties to a deed*: *Ross* v. *Milne,* 12 Leigh. (This rule recently abolished: Code, p. 640). The plaintiff, (a legatee) may base his action on this statutory operation and sue in his own name, or, treating the bond as a common law security, he may sue in the name of the *justices.*

4. But a defective bond, viz: a bond whose condition varies from the prescribed conditions, does not possess the statutory operation. A defective forthcoming bond will not support a motion: *Beale* v. *Downman,* 1 Call; *Johnson* v. *Meriwether,* 3 Call. And a defective bond by an administrator c. t. a. will not sustain an action by the *legatee*: *Frazier* v. *Frazier,* 2 Leigh. It is entirely settled, that a departure from the prescribed conditions is fatal to the statutory operation. Hence:

1. *Every* action on an injunction bónd must be based on its eccentric operation.

2. If the bond be defective, it does not possess an eccentric effect.

3. This bond is defective, *ergo every* action upon it must fail.

5. The distinction upon which this appeal is rested is not noticed in the books ; but no decision conflicts with any of these views.

III. The case, presented by the pleader, is a defective case. Perhaps the plaintiff has another, and a different and a better bond. Our reply is, he has not chosen to declare upon that other bond. We are confined to the case which is made by the declaration. The party may have a good case ; but his counsel has presented a bad case. There is often-times a great difference between the case made by the declaration, and the declaration which should be made by the case.

*Charles J. Faulkner,* for plaintiff below and defendant in error:

1. It is said that the injunction bond given in this case is not good as a *statutory* bond. It is too late to make such an inquiry after judgment, if the bond contained enough upon which to found an action. It is said the bond is defective, and not in conformity to the statute, in omitting a liability for *costs.* This objection is effectually disposed of in the case of *Gillespie et al* v. *Thompson,* 5 Gratt. 132. Again, it is urged, that the bond contains stipulations of liability not embraced by the statute ; this does not avoid the bond ; it is simply inoperative as to such stipulations : *Pratt* v. *Wright,* 13 Gratt. 175. The statute prescribes no particular form of an injunction bond, and a strict adherence to the language of the statute is not required : *White* v. *Clay's ex'rs,* Brook's Opinion 78, Tucker's Opinion 80, 7 Leigh. But *oyer* has not been craved of the bond in this case, and it is no part of the record.

36

1877.
August Term.

Holliday's ex'rs
v.
Myers et al.

2. The declaration, although not skillfully drawn, presents substantially a good cause of action. It would have been good even upon general demurrer, for it embraces every fact essential to the action, so that judgment according to law, and the very right of the case, might be given upon it : §29, ch. 125 Code of W. Va., p. 603.

3. The defendants appeared by counsel, and plead *nil debit*, in which the plaintiff joined issue. This, although not a very appropriate plea to a bond, yet is nevertheless a plea upon which the plaintiff may take issue : Gould on Pleadings, §12, ch. 6, part 1st, p. 287. The effect of this plea to a bond is there particularly set forth : See 1 Chit. Pl. 483.

4. At a subsequent term of the court, the defendants, by their counsel, withdrew their plea, and without further defense allowed judgment to be rendered against them. This was a confession of judgment, and operated under our statute a release of all errors : Stephen on Pleading, 109 ; 1 Tidd's Practice, 523, ch. 23 ; Freeman on Judgments, p. 6 ; 12 Gratt. 57 ; (*Richardson's ex'rs* v. *Jones.*) This confession of judgment is recognized by all the elementary writers by the expression *cognovit actionem, relicta verificatione.*

5. If there be any question upon the point, that the withdrawal of a plea is a confession of judgment *relicta verificatione,* the *statute of jeofails and amendments* unquestionably cures every error and imperfection *in this case.* This statute cures " every defect, imperfection and omission in the declaration, which might have been taken advantage of on a demurrer, and which was not so taken advantage of." For the latest exposition of the views of the court of appeals of Virginia, in the interpretation of this statute, he referred to *Spengler* v. *Davy,* 15 Gratt. 397, which, rendered in 1859, may be regarded as authority before this Court. There are undoubtedly limits to the operation of this statute, called by Judge Tucker " the omnipotent statute of jeofails ;" but that limit is to be found only in a case where the declaration

shows upon its face, that the plaintiff has *no cause of action.*

6. The Judge did not err, in vacation, in deciding that the judgment rendered in this cause was not a *judgment by default.* By the English practice, judgments by default will apply to cases, where the defendant appears, but fails to plead, such as *nil dicet* and *non sum informatus;* but under our statute, and in our practice, judgments by default are *limited* to cases, where the defendant fails to *appear.* It was only such judgments, that were excepted from the operation of our older statutes of jeofails; judgments by *nil dicet* and *non sum informatus* were as fully within the operation of the statute, as judgments after verdict. For the true meaning of the term "judgment by default," as used by our statute, see *Richardson* v. *Jones,* 12 Gratt. 57; *Davis, Sheriff* v. *Commonwealth,* 16 Gratt. 134.

HAYMOND, JUDGE, delivered the opinion of the Court:

This is an action of debt, brought by the plaintiffs against the defendants, in the circuit court of the county of Jefferson, on the 27th day of March 1871. The action is based upon a bond with collateral conditions. The bond is made payable to the plaintiffs, its penalty is $400.00, and bears date the 15th day of April 1869, as alleged in the declaration. The declaration alleges that on the date last stated the defendants by their certain writing obligatory, sealed with their seals, " bound themselves, their heirs, executors, administrators &c., jointly and severally to pay unto J. and R. Holliday, executors as aforesaid, the sum of $400.00; the conditions of said obligation being in substance as follows, to-wit : If the said Joseph Myers shall well and truly pay unto said J. and R. Holliday, executors of J. W. Holliday, the judgment in a suit and all loss, damages or injury they may sustain by reason of an injunction, which was awarded by E. B. Hall, Judge, on the 28th day of January 1869, in the case of John W. Holliday's executors *v.* Joseph Myers, the said obligation

shall be void; otherwise to remain in full force and effect." The declaration then further alleges: " And plaintiffs aver that the judgment due them, which was enjoined by order of E. B. Hall, on the 28th of January 1869, was for the sum of $100.00, with interest thereon from the 24th of December 1861; and $100.00 with interest from the 24th day of December 1862, and $24.41 costs of original suit, and $32.45 costs of the injunction suit; and that the injunction so ordered by said E. B. Hall, Judge &c., was dissolved on the 15th day of November 1870; and that in pursuance of the statutes, in such cases made and provided, the said plaintiffs were entitled to recover from the defendants the amount of said judgment, with interest and costs, as aforesaid, together with ten per cent damages thereon from the 28th day of January 1869, to the 15th day of November 1870, and costs of the injunction, $32.45. Yet the said defendants have not paid the amount of the said judgment for defendants, interest and costs or the damages aforesaid," &c. The declaration was filed at April rules 1871. Afterwards on the 22d day of September 1871, the parties appeared in court, by their attorneys, and the office judgment had at rules in the cause was set aside, and the defendants filed their joint plea to the action, upon which issue was joined. Afterwards on the 4th day of January 1872, the parties again appeared in court, and the defendants, by their attorney, withdrew their said plea; and thereupon the plaintiffs proved their cause before the court; and the court rendered judgment against the defendants, Joseph Myers and James M. Johnson, for $301.72, with interest thereon from the 4th day of January 1872, till paid, and the costs of suit; and the defendants filed their bill of exceptions to an opinion and ruling of the court made in the cause, which is duly signed and sealed by the judge presiding. By this bill of exceptions it appears, that the defendants objected to the trial of the case, because, the defendants alleged the term of the said court expired prior to the day the cause

was tried by the court, and that there was then no legally constituted court for the trial of causes for certain reasons stated in said bill of exceptions; but the court overruled said objection.

On the 31st day of January 1873, the defendant, James M. Johnson, upon notice to the plaintiffs, moved the judge of said circuit court, in vacation, to reverse the said judgment for errors therein; but it does not appear by the record, what were the errors assigned before the Judge; but it does appear that the court on consideration of the errors assigned, was of opinion that the judgment complained of " is not a judgment by default, and therefore not amendable or reversible in the proceeding to re-hear and reverse the same ;" and the Judge dismissed the notice, &c. After this proceeding upon the part of the circuit judge, the defendant, J. M. Johnson, on his petition and assignment of errors therein, obtained from this Court a *supersedeas* to the said judgment, rendered in said cause, on the 4th day of January 1872. The errors assigned by said Johnson, in his said petition for a *supersedeas*, and relied on by his counsel in argument before us, are as follows : " 1. The declaration shows affirmatively, that no liability attached to the defendants because of the writing set forth, the said writing being a nullity, because : First, it is uncertain, in that the condition was to pay the judgment in a suit; the identity of the suit or judgment does not appear. Second, the writing is void because while represented as a statutory bond, and deriving its validity from the statute, the statute is not pursued in any particular ; there is not a provision of said bond warranted by the statute. 2. The declaration is fatally defective, because : 1st. No damage is averred or demanded. 2. No measure of damages is exhibited. 3. No damages could have accrued to the plaintiff because of the facts stated ; and damage was the gist of the action. 4. The judgment should have been for the penalty to have been discharged by the payment of the amount of damages ascertained. 5. The judge, in

vacation, upon the hearing of the motion erred in holding, that the judgment complained of was not a judgment by default, within the meaning of the 5th section of chapter 134 of the Code of the said State."

I will consider said errors so assigned consecutively. *The first error assigned.* It is proper here to remark that oyer was not craved of the bond in the declaration mentioned, and it was admitted before us in argument by the counsel on both sides, that the bond sued upon is not part of the record, and cannot be considered by us as such—that we are confined to the declaration. It is also proper to consider here, how far we are at liberty to consider in this case defects in the declaration, either of form or substance. In the case of *Jenkins* v. *Hunt's comm'rs*, 2 Rand. 446, decided in 1824, Judge Green in delivering the opinion of the court of appeals of Virginia, says, at page 447: "The paper, which was the foundation of the action in this case, was a simple contract. The declaration therefore should have claimed according to the legal effect of the contract, that is, the principal sum, and not the penalty, and should have noticed the penalty, only by way of describing the instrument sued upon. The defendant Jenkins having appeared and pleaded, and after-ward waived his plea, this fault in the declaration, which might have been demurred to for that cause, is cured by the provisions of the statute of *jeofails,* which took effect on the 1st day of January 1820 ; and being cured as to Jenkins, is cured as to the other defendants." The action in this case was debt, and it appears by the statement of the case, that "Jenkins appeared and pleaded payment. An office judgment was entered against Young, who did not appear. Jenkins then relinquished his former plea, and the court rendered judgment against him for $2,228.00, the penalty in the writing to be discharged by the payment of $1,114.00 with interest, &c. The 3d section of our statute of *jeofails,* chapter 134 of the Code of this State, which took effect on the 1st day of April 1869,

provides that " no judgment or degree shall be stayed or reversed for the appearance of either party, being under the age of twenty-one years, by attorney, if the verdict (where there is one) or the judgment or decree, be for him and not to his prejudice; or for want of warrant of attorney; or for the want of a *similiter*, or any misjoining of issue; or for any informality in the entry of the judgment or decree by the clerk; or for the omission of the name of any juror; or because it may not appear that the verdict was rendered by the number of jurors required by law; or for any defect, imperfection or omission in the pleadings, which could not be regarded on demurrer; or for any other defect, imperfection, or omission, which might have been taken advantage of on a demurrer or answer, but was not so taken advantage of." In the case of *Kennaird &c.* v. *Jones,* 9 Gratt. 183, Judge Lee in delivering the opinion of a majority of the court says: " It is true, that under the sweeping provision introduced into our Code at the revisal of 1819, that after verdict, no judgment should be arrested for any defect, whether of form or substance, which might have been taken advantage of by demurrer, but was not so taken advantage of, the omission of the allegation in question in this case, if no demurrer had been filed, could not have served to stay the judgment after verdict." And a few sentences further on he says, that " in the absence of such allegation, it seems impossible to say that the plaintiffs show a perfect right to demand and recover the balance of the agreed price, for which the suit was brought."

In the case of *Boyles's adm'r* v. *Overby,* 11 Gratt. 202, it was held by a majority of the court, that "an action in the case for fraud in selling to the plaintiff an unsound slave, which he was induced to purchase by means of a false and fraudulent warranty of soundness, or by means of a fraudulent concealment of the unsoundness of the slave, cannot be maintained against the personal representative of the vendor ;" and that "in such an action against the personal representative of the vendor,

though there is a judgment in favor of the plaintiff, the error will not be cured by the statute of jeofails. 1 Rev. Code, of 1819, ch. 128 §103 p. 511 ;" and also, that in such case, though there is a verdict for the plaintiff, judgment should have been rendered for the defendant notwithstanding the verdict." Judges Moncure and Lee did not concur in the decision of these points. In *Mason* v. *Farmers' Bank of Petersburg*, 12 Leigh 84 it was held: " And when a suit is brought against the president and directors of a branch bank, this is not a mere *misnomer*, which must be pleaded in abatement, but is a bar to any recovery ; and though a verdict be founded upon the general issue pleaded, the error is not cured by the statute of *jeofails*." In the case of *Ross* v. *Milne*, 12 Leigh 204, it is stated in the syllabus, that "upon a declaration which shows that plaintiffs have no right of action, and on the contrary that the right of action is in another, verdict is found for the plaintiffs. Held : the statute of jeofails of Virginia, 1 Rev. Code, ch. 128 §103, does not apply to the case." Tucker, Judge, who delivered the opinion of court in that case, says at page 227 : "it only remains to observe, that the want of title in *Mrs. Milne* cannot be cured even by the omnipotent act of *jeofails*. That act never could have been designed to enable a plaintiff to recover, what by his own showing belongs to another." In the case of *Davis* v. *The Commonwealth* for Leon, 13 Gratt. 139, it is held : " that when the attachment is issued against the effects of the defendant generally, and is levied upon the property of a third person, such third person has no remedy upon the attachment bond." Judge Moncure, who delivered the opinion of a majority of the court in that case, says at page 151 : " This action was brought at the relation, not of the defendant, but of a stranger, and for a cause not within the terms of the bond. The defect is not in form, but in the foundation of the action, and is no more cured by the Code, ch. 181, §3, than it would have been by the statute of jeofails: 1 Rev. Code of 1819, ch.

128, §103. It follows, on the authority of *Ross* v. *Milne et ux*, 12 Leigh 204, and *Boyle's adm'r* v. *Overby*, 11 Gratt. 202, that the judgment of the circuit court must be reversed, and judgment entered for the plaintiff in error, *non obstante veredicto.*" The 3d section of said chapter 181 of the Code of Virginia is the same, as the 3d section of said chapter 134 of the Code of this State which I have already given herein. See also *Hitchcox* v. *Rawson*, 14 Gratt. 526. In *Spengler* v. *Davy*, 15 Gratt. 381, it is held that, "in an action for maliciously suing out an attachment against the effects of the plaintiff, the declaration alleges, that the attachment was sued out " wrongfully and without good cause." Though this was irregular, it is cured by the verdict. In the case of *Ellis* v. *Thilman*, 3 Call 3 ; *Young* v. *Gregory, id* 446 ; *Kirtley* v. *Deck et al.*, 2 Munf. 10, it was held that the declarations were radically defective, and were not cured by verdict; and it was said that the words *without probable cause* or some equivalent expression, were essential to make a good declaration ; and it was held that the words *without any just cause* in the first named case, and *without any legal or justifiable cause* in the second, could not be received as equivalents for the words the law required. But as said by Judge Daniels, in *Spengler* v. *Davy*: " It is to be observed however of all these cases (meaning these last named) that they were decided in the absence of some of the most sweeping of the provisions of our statute of jeofails, and more especially of that which declares, that no judgment after verdict shall be stayed " for any defect whatsoever in the declaration or pleading, whether of form or substance, which might have been so taken advantage of," which was first introduced at the revisal of 1819; and was re-enacted in 1849, with slight modifications, not necessary here to be noticed. See Code of 1849, page 680. In the case of *Spengler* v. *Davy*, Judge Daniels says at page 397 : " It is true, that broad and comprehensive as is the language of the provision, this court has felt called upon, on sev-

*Marginal note:* 1877. August Term. Holliday's ex'rs v. Myers *et al.*

eral occasions, to set some limits to its operation, and to declare that there are some defects in declarations which are beyond its cure. Still it will be seen, by reference to the cases alluded to, that none of them can be used as precedents for excluding this case from the benefit of said provision." The Judge then reviews the cases of *Mason* v. *Farmers' Bank* at Petersburg, 12 Leigh 84 ; *Ross* v. *Milne et ux.*, 12 Leigh. 204, and *Boyle's adm'r* v. *Overby*, 11 Gratt. and says: " In neither one of these cases was there any room for the inference of facts, supplementary to and consistent with those alleged by the plaintiff, that could make out a good cause of action. In each case the allegations of the plaintiff showed affirmatively, that he had no right to recover." The cases of *Mason* v. *Farmer's Bank* at Petersburg was the case of a suit by the plaintiff against the president and directors of a branch bank, in which the declaration complained of them as " the president, directors and company of the office of discount and deposit of the Farmers' Bank at Petersburg. The court held in that case that no judgment could be recorded, as the declaration was against parties, who could not be made liable to any action. There was no such corporation in existence. The declaration plainly showed that the cause of action was against the president, directors and company of the Farmers' Bank of Virginia. In the case of *Ross* v. *Milne et ux.*, the declaration plainly showed that the plaintiffs had no cause of action, and that the right demanded was in a third person. The case of *Boyle's adm'r* v. *Overby*, 11 Gratt. 202, was a suit against an administrator for an alleged cause of action against his intestate, and the declaration alleged a cause of action, which from its very nature must have died with the person of the intestate. The case of *Davis* v. *The Commonwealth*, for Leon, 13 Gratt., was an action upon an attachment bond authorized by the Code of Virginia chapter 151, section 8, p. 602 ; and the court determined that the bond was not a general indemnify-

ing bond, and where the attachment is issued against specific property, only the defendant or owner of such specific property can sue upon the bond; but that where the attachment is issued against the effects · of the defendant generally, and levied upon the property of a third person, such third person has no remedy upon the attachment bond. The declaration in this case plainly showed that the attachment issued against the effects of the defendants, generally ; and that the attachment was levied upon the property of the plaintiff in the action on the attachment bond, who was another and a different person from the defendant in the attachment, and against whose effects the attachment did not issue. Neither of these four cases are like the case at bar, as I understand them. In each of said four cases the court was of opinion, as it seems, that the declaration plainly showed affirmatively, that there was no room for facts supplementary to and consistent with those, alleged by the plaintiff in his declaration that could make a good cause of action in him. The case of *Hitchcox* v. *Rawson*, 14 Gratt. 526 was an action of ejectment. There was a trial had in the cause by jury and the jury found " for the plaintiff against the defendant, the estate in fee-simple in the land in the plaintiffs declaration mentioned." In that case Judge Lee, who delivered the opinion of the court, says at page 538 : " I think therefore the description lacks sufficient certainty and precision, and that if a demurrer had been put into the declaration, it should have been sustained. There was however no demurrer; and the defect might have been cured by a verdict, which did ascertain the subject with proper certainty : *Bursly* v. *Fogg*, 1 Call 484; *Lovell* v. *Arnold*, 2 Munf. 167; *Bolling* v. *Mayor of Petersburg*, 3 Rand. 563. But the verdict found is obnoxious to precisely the same objection, that applies to the declaration. . * * There is therefore no more certainty and precision in the verdict, than there is in the declaration, and the defect in the latter is not cured by the former." The judgment for

the plaintiff upon the verdict was reversed and the cause remanded to the circuit court to set aside the verdict and the pleadings, and to award a *repleader*."

By consulting the case of *Kennaird, &c.* v. *Jones,* before cited, it will be seen that the first count of the declaration fails to show a cause of action; and yet Judge Lee in his opinion at page 189 says, " if there had been no demurrer filed, in his opinion, the defect in that declaration could not have served to stay the judgment after verdict." From what has been already said in reference to the case of *Spengler* v. *Davy,* 15 Gratt. 381, it is, I think, manifest that the declaration did not show good cause of action, or a right to recover. And I must be permitted to say with all due respect, that there seems to be a conflict in some of the Virginia cases, to which I have referred, which would be difficult to satisfactorily explain and reconcile. The plain language of our statute of jeofails is certainly comprehensive and sweeping; as already seen, it provides that " no judgment or decree shall be stayed or reversed for, &c., or for any defect, imperfection or omission in the pleadings, which could not be regarded on demurrer; or for any other defect, imperfection or omission, which might have been taken advantage of on a demurrer or answer, but was not so taken advantage of." As before stated, chapter 181, sec. 3 of the Code of Virginia, is the same as sec. 3 of chap. 134 of the Code of our State, which I have before quoted. And we have also seen that the court of appeals of Virginia has held substantially in four cases, to which I have referred, that when the allegations of the plaintiff showed affirmatively, that he had no right to recover, that the statute of jeofails does not cure the defect; that such cases are not covered by said statute. But so far as I have seen, in no case in Virginia, or in this State, has it yet been held under the present statute, that said statute does not apply and operate, where the declaration does not show affirmatively, that the plaintiff has no right to recover against the defendant; nor has it yet been held,

that the statute does not apply and cure after judgment, when the cause of action is merely so imperfectly or insufficiently alleged in the declaration, as that it does not show a perfect or complete right of recovery, and the court can see that the defect, though of substance, may be supplied by proper proof. It seems to me in such case the statute should apply and cure such defect; and that if it does not, it is not because its plain language does not comprehend and embrace such a case, but because of unauthorized construction, which tends to defeat the manifest purposes of the Legislature. It must be remembered, that the declaration in this cause does not profess to state the conditions of the bond in *hæc verba*, but only the substance of the bond. It is true the declaration does not on its face identify the judgment therein mentioned, so that from the declaration alone, the amount or date of the judgment or in whose favor or against whom it is, may be ascertained. Still I do not feel authorized to determine, that the judgment in the declaration mentioned could not have been sufficiently identified by the production of the bond and the record of the injunction case in the declaration mentioned, or that it would not have been competent or proper to do so. I think it would have been competent to have thus identified the judgment; and I am not authorized to say such was not done before the court; but I must presume, under the circumstances, that whatever, was necessary and proper to be shown in this respect to the court, was properly shown by the plaintiff, and that the judgment of the court thereon was right and proper, the contrary not affirmatively appearing by the record. Immediately after the word *suit* in the declaration, the declaration proceeds, "and all loss, damages or injury they may sustain," &c. The words "loss or injury" are not in the act prescribing the conditions of the bond, nor is the word "sustain," but the word "incur" is. The 10th section of chapter 133 of the Code provides that, "An injunction (except &c.) shall not take effect until

1877.<br>
August Term.<br>
<br>
Holliday's ex'rs<br>
v.<br>
Myers *et al.*

bond be given in such penalty as the court, or judge, awarding it may direct, with condition to pay the judgment or decree (proceedings on which are enjoined) and all such costs as may be awarded against the party obtaining the injunction; and also such damages as shall be incurred in case the injunction be dissolved," &c. It is maintained by the counsel of plantiff in error, that the bond sued on was executed under this section of the Code as an injunction bond. The declaration does not allege, that the bond contains any provision for paying all such costs, as may be awarded against the party obtaining the injunction, as provided in the said section. Although the condition of the bond is not so extensive, as the statute requires, yet if it contains a material part of the conditions required, the bond is not void, but binds the obligors to the extent of such condition or conditions, and when the bond contains some conditions or provisions, not required by the statute, and some of those which are required, it is valid and binding to the extent of the latter. *Gillespie* v. *Thompson, et al.* 5 Gratt. 132; *White* v. *Clay's ex'r,* 7 Leigh 68; *Fox & Vowles* v. *Mountjoy, ex'r &c.,* 6 Munf. 36; *Pratt* v. *Wright et al.,* 13 Gratt. 175; *Gibson* v. *Beckham et al.* 16 Gratt. 321; *Porter ex'r* v. *Daniel et al.,* and cases there cited,11 W. Va.

I regard the word "sustained," employed in the declaration, in the connection in which it is used, as equivalent to the word "incurred," contained in the act. But it is further argued that the declaration does not contain the words, "in case the injunction be dssolved," and that by reason thereof, the liability alleged in the declaration, if any, is absolute, instead of conditional, as it would be if these words were inserted, as prescribed in the act. Views above stated and some authorities cited apply to this objection. But, granting the bond described was executed and delivered as an injunction bond, under the order of the judge or court granting the same, and under said tenth section, it is probable the obigors could not be compelled to pay, unless the injunction were dis-

solved, though it is best and safest always to insert the said words. I am not at liberty to *know* or determine judicially, whether the bond in fact contained these words of condition or qualification, or not. I am not considering the sufficiency of the declaration upon a demurrer, but under the provisions of the statute of *jeofails*. It is also argued that the injunction never took effect, because the declaration fails to show, that the condition of the bond contains all the requirements of the 10th section of chapter 133. This proposition has been overruled by decisions of the court of appeals of Virginia at different times and I see no sufficient reason to depart from these decisions at this late day : *White* v. *Clay's ex'rs*, 7 Leigh 68 ; *Fox & Vowles* v. *Mountjoy, ex'or, &c.*, 6 Munf. 36 ; *Gillespie et al* v. *Thompson et al.*, 5 Gratt. 132 ; *Porter's ex'r* v. *Daniel* and cases there cited.

The 10th section of said chapter 133 of the Code of this State further provides that, "the bond shall be given before the clerk of the court in which said judgment or decree was obtained, and in other cases before the clerk of the court in which the suit is, wherein the injunction is awarded. If the bond be not given before the summons issued, the clerk shall endorse thereon, that the injunction is not to take effect, until the bond is given ; and the clerk, who afterwards takes the bond shall endorse thereon, that it is given." This provision, in connection with a preceding provision of said 10th section providing that "an injunction shall not take effect, until bond be given in such penalty, as the court or judge awarding it may direct, with condition," &c., is substantially the same in effect, as it appears to me, as the 55th and 56th sections of the act of the Legislature of Virginia of 1792 1st Rev. Code of Va. of 1814, p. 95, and the 113th and 114th sections of chapter 66 of the Rev. Code of Va. of 1819, p. 218.

Since the court of appeals of Virginia, in some of their decisions before named, have attempted to set some limits to the broad and comprehensive language of our

1877.
June Term.

Holliday's ex'rs
v.
Myers et al.

statute of *jeofails*, it is, in the apparent conflict of some of the decisions under the statute, exceedingly difficult, if not almost impossible, to lay down any general rule to govern in all cases, that may arise. Whenever courts commence to set a limit upon the operation of an act of the Legislature, in order to except from its operation cases not excepted by provisions of the act, itis generally difficult to fix a limit to such exceptions, or to lay down a general rule embracing all the exceptions which may or may not be made to the operation of the ac. All perhaps, that can or should be said now, in the state of the decisions in relation to the act under consideration, is, that when cases are presented like those which have been decided, it is perhaps proper and best that we follow the decisions already made.

Cases may arise that should be exceped from the operation of the act, but each case must be judged as it arises. Some of the cases, excepted from the terms ad letter of the act, have already caused much confusion and difficulty in its administration and each additional excepion which is made by the courts outside of the letter of te act, adds to and increases the existing confusion and dficulty. The object of the act among other things was to fix some limit upon litigation, and to put an end asar as possible to the unnecessary delay, obstruction, and defeat of justice in the courts. As Judge Daniels said in the case of *Spengler* v. *Davy*, 15 Gratt., I repeat as aplicable to the case at bar, " it seems to me, that if th present case were to be excepted out of the operation of our act of jeofails, it would be a very difficult ta to say at what point such exceptions should stop The case is plainly within the letter of the statute and I can see no sufficient reason for supposing that iis not within its meaning." The defendants, as the record clearly shows, had ample time and opportunity test the sufficiency of the declaration by filing a demurer thereto, and to defend themselves against the plaintif action, if they in fact had any just and proper defse, before

judgment was rendered against them; but for some cause they failed to avail themselves of the time and opportunity, and of the very liberal modes of defense granted to them by the law. They even withdrew the plea they had filed, upon which issue was joined, and suffered the plaintiffs to prove their cause to the court, without making any defense thereto, so far as the record discloses; and if injustice has been done them, it is not the fault of the law, but, so far as appears, because of their own voluntary neglect and *laches*. Upon the whole, it seems to me that said first error assigned is not well taken, and must be overruled.

*Second error assigned.*—It is very clear to my mind, that the first and second division of this asssignment is not well taken, though the breach of the condition of the bond is not stated in the usual or common form in such cases; still the amount of money and damages claimed under the condition are stated in the declaration and a breach of the condition alleged by the allegation and averment of the non-payment thereof. It is unnecessary for me to determine whether the declaration in this respect would be held good upon general demurrer, as that question is not before us. It is quite manifest, I think, that the part of the declaration, to which the first and second divisions of this assignment are directed, is good after the final judgment, under the statute of jeofails. And the third divisions of this assignment are not well taken, because of reasons stated in considering the first assignment.

*The third assignment of error.*—This assignment of error cannot be sustained: See Code W. Va., sec. 46, ch. 125; secs. 6 and 7, ch. 133; sec. 17, ch. 131. The judgment is, perhaps, not altogether formal, but is substantially correct. It is manifest that the plaintiff in error cannot be prejudiced by the form of the judgment in this case, in any event.

*The fourth error assigned.*—"All judgments, where there has been no appearance by the defendant, are judgments

by default within the meaning of the 5th section of chapter 134 of the Code of this State," 16 Gratt. 134. The defendants, as we have seen, having appeared and plead to the action, and filed exceptions to a ruling of the court, and voluntarily withdrawn their plea, and suffered the plaintiffs to prove their cause of action, the judgment is not one by default under the statute. The fourth and last exception is not well taken. This disposes of all the errors assigned by the plaintiff in error in his petition. It is not claimed before us that the court erred in its ruling, to which said bill of exceptions was taken and filed by the defendants, and I see no error therein. But it was argued before us by the counsel for the defendants in error, that the judgment rendered in this case is, and should be considered, a judgment by confession, and as operating as a release of errors under our statute. The judgment entered by the court is as follows : " This day came the parties, by their attorneys ; and the defendants, by their attorney, withdrew their plea at a former day pleaded ; thereupon the plaintiffs having proved their cause, it is considered by the court that the plaintiffs re-cover against the defendants, Joseph Myers and James M Johnson, $301.72, with interest thereon from the 4th day of January 1872, till paid ; also their costs by them in their behalf in this cause expended." This judgment, it seems to me from its form and language, is a judgment rendered upon proof of the cause of action made to the court, and not upon confession of judgment. This judgment is expressed on its face to be a judgment rendered " upon proof of the cause " made to the court, and being so expressed, it should therefore be so considered. The judgment is not such a judgment as is entered by *non sum informatus*; or by confession or *cognovit actionem*; or by default for defect of plea after appearance ; or *nil dicit* as it is termed ; or by default under our statute for failure to appear after having been duly summoned : *Richardson et al* v. *Jones*, 12 Gratt. Judge Lee's opinion, p. 57 ; Stephens on Pl., side p. 109. In the case in 12 Gratt.

at page 57, it is held, that the words employed in the judgment in that case are equivalent to an express acknowledgment of the action for so much, and it will be found, that the judgments as rendered conform very nearly to the precedents of a judgment upon *cognovit actionem*," &c. In the case of *Dunbar* v. *Lindenberger*, 3 Munf. 169, which was an action of *assumpsit*, the defendant "acknowledged the plaintiff's action," in general terms, but did not confess judgment for any particular sum. In the case of *Strode* v. *Head*, 2 Wash. 192 the defendant "withdrew his plea and confessed judgment generally."

This cause has been ably argued before us by the counsel on both sides; and especially has the counsel for the plaintiff in error exhibited by his argument great research; but after giving to the subject much consideration, it seems to me that there is no error disclosed by the record, which would authorize me, under the circumstances of the case, to reverse the final judgment rendered in the cause by the court below.

For the foregoing reasons, the said judgment must be affirmed, and the defendants in error recover against the plaintiffs in error their costs in this Court expended, and damages according to law.

JUDGMENT AFFIRMED.