# CHARLESTOWN.

WHITE *v.* STENDER.

Submitted June 12, 1884—Decided September 27, 1884.

An injunction will not lie to prevent the sale of personal property of a third person, levied on by an officer for unpaid taxes, when the property is not of peculiar value to the owner and it does not manifestly appear that great injury would result to the owner from consequential or collateral damages occasioned by such sale. In such case the owner has a complete and adequate remedy at law to which he may resort for redress.

The facts of the case are stated in the opinion of the Court.

*W. S. Wiley* for appellant.

*J. W. McCoy* and *T. P. Jacob* for appellees.

SNYDER, JUDGE:

Injunction suit brought November 15, 1880, in the circuit court of Wetzel county by F. M. White and wife against John Stender, sheriff of said county, to restrain the sale of personal property levied on by him to satisfy certain taxes and to inhibit him from collecting said taxes from the plaintiffs. The injunction having been awarded, the defendant demurred to and answered the plaintiffs' bill, depositions were taken by both parties, and the court having overruled the demurrer, the cause was finally heard January 26, 1882, when the court entered a decree perpetuating the injunction with costs to the plaintiffs and the defendant appealed to this Court.

The appellant assigns as error that the circuit court improperly overruled his demurrer to the plaintiffs' bill. This presents to us an important question. The material allegations of the bill are, that the plaintiffs are the owners in fee of a tract of seventy-six acres of land in Wetzel county upon which they reside and to which they derived title as follows: About the year 1867, Cæsar Matheny settled upon said land claiming it as his own and paying taxes thereon, that seven or eight years thereafter Matheny sold it to Milton Owens

who went into possession and afterwards, on November 13, 1876, Owens by deed of that date conveyed the same to the plaintiffs who then went into possession and have so continued ever since; that said seventy-six acres are within the boundaries of a large tract of land, known as the "Norris land," but has been held adversely to the owners of the large tract for more than ten years; that the defendant who is sheriff of the county, by virtue of a tax bill held against the owners of said large tract, has "levied on plaintiffs' property, and has advertised the same for sale to satisfy said tax bill," the said taxes being for the year 1879, and amount to about one hundred and fifty dollars; and the prayer is for an injunction to restrain the sale of said property and inhibit the collection of said taxes from the plaintiffs and for general relief.

It will be noticed that this bill makes no allegation of irreparable damage from the sale of the property levied on, nor that the property is of peculiar value or of any special kind; in fact, it does not mention the character of the property levied upon or describe it in any manner. The question then presented by this demurrer is simply whether an injunction will be entertained to prevent the sale of personal property for taxes which in its nature has no peculiar value in the estimation of the owner and where there is no claim that consequential or collateral damages will result from the sale?

This Court in *Lewis* v. *Spencer*, 7 W. Va. 689, sustained an injunction to the sale of a horse levied on for taxes when the bill averred that the said taxes had been *fully paid*. In that case Paull, Judge, in delivering the opinion of the Court, conceded that the judicial history of Virginia and of this State furnished no precedent for the question adjudicated in that case. He also admitted that, if the levy had been made under an execution, the plaintiff would have been "debarred an entrance into a court of equity for the reason that he may apply to the court whence the execution issued and have the wrong corrected"—*Morrison* v. *Speer*, 10 Gratt. 228. He made a distinction between a levy under an execution and a levy for taxes, and to sustain the remedy by injunction in the latter case, while he admitted it would not lie in the former, he seems to rely on section 2 of chapter 158 of the Acts of

1871, which declares that no court shall enjoin the sale of any real estate for taxes unless it be averred in the bill that all taxes and levies assessed thereon have been paid. He says: "This would seem to imply that in regard to real estate, at least, that where this allegation is made such injunction may be awarded; and no sufficient reason is perceived why the same course may not be pursued in regard to personal property, where a sale, as we have seen, may also result in great inconvenience to the citizen"—692.

It will thus be seen, that in that case importance was very evidently given to the statute and the inconvenience which might result to the citizen. But in the case before us neither of those considerations have any application. The statute denies the authority of any court to enjoin the sale unless the bill alleges that all taxes and levies assessed on the property, *have been fully paid.* In this case there is no allegation or pretension that the taxes sought to be collected have been paid. The injunction is asked on a ground which admits the taxes are unpaid. Nor is there any averment that any inconvenience would result to the plaintiffs from a sale of the property levied on which could not be fully compensated for in damages in an action at law against the sheriff, if the sale was illegal. So that, if we regard *Lewis* v. *Spencer,* sound law, it does not follow that the injunction should be sustained in this case. But as that case is not very fully reported and, therefore, we cannot say that it is not warranted by special facts, still it it can be understood as holding that, in every case, and without any peculiar facts or circumstances, equity will enjoin the sale of personal property levied on by an officer for taxes upon the sole ground that the taxes are not due or that the property levied on is not liable for the taxes, I am very much inclined to question its soundness. However, I do not think the decision was intended to be so broad in its effects. It must be conceded that the doctrine it announces is a considerable advance upon the more modern decisions of Virginia on analogous subjects, if it is not in positive conflict with some of them. We are certainly not disposed to extend the doctrine of that case so as to make it applicable to cases such as the one now before us.

In *Baker* v. *Rinehard,* 11 W. Va. 238, the Court held that,

" A court of equity ought not to grant an injunction to stay the sale of personal property, levied on by a sheriff by virtue of an execution, which property is · owned by a third party, when the property is not from its nature of peculiar value to the owner and when its sale will not obviously greatly injure the owner by the consequential damages it would produce."

In that case Green, President, in delivering the opinion of the Court, after reviewing the cases of Virginia and of this State, including the case of *Lewis* v. *Spencer*, *supra*, says : "However variant the decisions above referred to may be, none of them hold, that where the collateral or consequential damages resulting from the sale of personal property of no peculiar value are trifling, as in this case, that a court of equity ought to interfere to prevent a sale by injunction. The law in such case furnishes what the law-books call an adequate and complete remedy; even though in a case where the consequential damages were .very great, such remedy at law might be properly considered by a court of equity as incomplete and inadequate and as furnishing ground for an injunction."—11 W. Va. 265.

The only difference between that case and the one under consideration is, that this is a levy by virtue of a tax-ticket and that was a levy by execution. In both cases the levy was on the property of a third person, which it was claimed by the plaintiff was not liable to levy and that the levy was consequently illegal. In the case of *Lewis* v. *Spencer*, *supra*, a distinction is suggested because in the case of a tax-ticket the officer derives his authority directly from the law, while in the case of an· execution the authority is conferred by the court, and while in the latter case the party aggrieved may apply to the court for redress, in the other ,case he has no such resort. It does not seem to me that this attempted distinction has any logical existence. In either case the ground upon which relief is denied in equity is, that the party has a complete and adequate remedy at law by an action of trespass against the officer for an illegal levy and sale of the property, and not because in the one case he has, and in the other he has not, the right to apply to the court for redress, or to give a suspending bond under the provisions of chapter

107 of the Code.   If the jurisdiction to enjoin existed in a court of equity, the giving of a statutory remedy at law would not exclude that jurisdiction.

As a mere question of policy it is less detrimental to allow an execution to be enjoined than it is to permit such interference with the collection of taxes.   Executions generally affect merely private interests, while taxes are always for the public use.   There are reasons of public policy, founded on the necessity of speedy collection of taxes, which ought to prevent a court of equity from suspending these proceedings except upon the clearest grounds—Hill. on Inj. 458; *Douglass* v. *Harrisville*, 9 W. Va. 162.

It is submitted, however, on the part of the appellees that the amount in controversy does not give this Court jurisdiction.   I do not think this position is well taken.   It is true, the record does not show the value of the property levied on by the defendant, but the bill alleges that the taxes sought to be enjoined are about one hundred and fifty dollars and the decree of the court not only inhibited the defendant from selling the property levied on by him, but it also enjoined him perpetually from collecting the said taxes from the plaintiffs.   This not only relieved the property levied on, but prevented any future levy to make said one hundred and fifty dollars of taxes.   It is clear then that it does appear that this Court has jurisdiction, the amount in controversy being in excess of one hundred dollars.

I am, therefore, of opinion, for the reasons stated, that the circuit court erred in overruling the defendant's demurrer to the plaintiffs' bill.   This conclusion makes it unnecessary to consider the answer of the defendant, and proofs or the questions raised thereon and argued before this Court.   The decree of the circuit court is reversed with costs to the appellant, the demurrer to the bill sustained and the plaintiffs' bill dismissed with costs to the defendant in the circuit court.

REVERSED,    DISMISSED.