## CHARLESTON.

VERMILLION COAL COMPANY *v.* J. E. POWELL *et als.*

(No. 6460)

Submitted April 23, 1929.    Decided May 21, 1929.

410

*Mohler, Peters & Kelly,* for appellant.
*Frank P. Murphy* and *A. W. Garnett,* for appellees.

LITZ, JUDGE:

The plaintiff, Vermillion Coal Company, a corporation, appeals from a decree of the circuit court of Boone county, dismissing its bill for injunction against the defendants, J. E. Powell, in his own right, and as agent for Lelia Ball, Grace Copeland, Nona Miller, and Carry Holly, and H. M. Miller, as constable of Boone county, restraining them, and each of them, from "interferring with the title and right of possession of the plaintiff to" a storage battery, a General Electric motor, a Jeffrey motor, a Jeffrey B. coal cutting machine, 45 mining cars, an electric hoist, drum and monitors, and a quantity of steel rails; from "hindering, delaying, obstructing or preventing removal, or sale of said personal property by the plaintiff * * * and from further proceeding against said personal property" under "levy of distress or attachment."

The bill shows: On June 2, 1927, the plaintiff purchased the property, in controversy, at a judicial sale under distress warrant sued out by the defendant, J. E. Powell, in his own right, and as agent for Lelia Ball, Grace Copeland, Nona Miller, and Carry Holly, for minimum royalties due them as lessors by Stramer Fuel Company, a corporation, as lessee, under a lease of lands in Boone county for coal mining purposes. The property in question was being used at the time of sale by Stramer Fuel Company in the operation of a coal mine on the leased premises, and was immediately thereafter leased to it temporarily by the plaintiff. The contract of lease, providing for a monthly letting, is in writing, duly recorded. A few months later, before it had been removed from the leased premises, the property was again levied on

under another distress warrant sued out by the defendant, J. E. Powell, in his own right and as agent for the other lessors, for minimum royalties subsequently accruing under the lease.

The answer of the defendant, J. E. Powell, admits the purchase of the property by the plaintiff and the leasing of it to the Stramer Fuel Company, as alleged in the bill, but charges, substantially, that the two companies are in fact one, and that the purchase and lease was made ''for the purpose of hindering, delaying and defrauding the defendants out of'' royalties accruing under the lease.

The defendants would sustain the ruling of the circuit court upon the grounds (1) that the remedy of the plaintiff, if any, is at law, and (2) that the property is subject to sale under the distress warrant.

The prevention of irreparable injury and multiplicity of suits are relied on as a basis for equitable relief. The pertinent facts (alleged and proved), and stated in brief of counsel for plaintiff as sustaining equitable jurisdiction, follow: ''The valuable electrical machinery is exposed to the weather and is rapidly depreciating; the market for used mine equipment is very hazardous; a part of this equipment is now needed at the mine operated by the plaintiff; a most advantageous contract of sale had been entered into by the plaintiff for a part of the equipment (which could not be delivered); plaintiff company is in such a precarious financial condition that present sale of this equipment is vital to its existence; creditors of Stramer Fuel Company have taken judgments and are threatening to levy on the equipment purchased by the plaintiff.'' The defendants reply that the plaintiff, by instituting an action in detinue and executing bond under section 1, chapter 102, Code, could have obtained the legal possession of the property as speedily and effectually as by an order of injunction restraining the defendants from interferring with the plaintiff's right of possession. ''Where the officer wrongfully seizes personal property belonging to another, or where it remains in his possession after the writ under which he took the property has been released, he will be liable in detinue for the wrongful detention. 18 C. J.,

1004. The owner may maintain detinue against an officer who has seized property under an illegal tax. *Douglas* v. *Harrisville,* 9 W. Va. 162.

In *North* v. *Peters,* 138 U. S. 271, relied on by plaintiff, the Supreme Court sustained an injunction compelling a sheriff to release the stock in trade of a merchant from the levy of an attachment (directed against the property of another) to prevent irreparable injury to his business and credit. The facts in that case are similar to those in *Walker* v. *Hunt,* 2 W. Va. 291, wherein JUDGE EDWIN MAXWELL wrote the opinion of the court sustaining the right of the plaintiff to enjoin the sale of his mercantile stock in trade, under the levy of a *fieri facias* issued against the property of another. The bill in the last case alleged absolute ownership of the goods (worth about $12,000) in the plaintiff; and that great injury would result to his business and credit by sale thereof under the execution. The facts in the instant case are analogous to those involved in *Zanhizer* v. *Hefner,* 47 W. Va. 418, wherein the plaintiff, alleging title to certain tools and material used for boring oil wells, sought to enjoin the sale thereof under an attachment issued against the property of another. JUDGE BRANNON, in writing the opinion of the Court, said: ''The position of the defendants is that equity has no jurisdiction, because of adequate remedy at law, and that the property belongs to Holmes Bros. That property was personal property. If Zanhizer Bros. & Sten were its owners, they had adequate remedy at law. They could sue to reclaim it by detinue against the officer or purchaser, or sue the attachment creditors or the officer in trespass and recover its value. By Code 1891, chapter 50, sections 151, 152, 210, they could present their claim to the justice, and have their right tried, with appeal to the circuit court, and, if they sustained their claim, they would get the very property itself. By giving bond, they could use the property pending the contest, and without bond they could have the right of property tried. It would be no more burdensome to give that bond than an injunction bond. This remedy is very speedy, plain, and efficacious. As JUDGE GREEN said in *Baker* v. *Rhinehard,* 11 W. Va. 238, this statutory remedy would forbid an appeal to

equity. As held in that case, many decisions in Virginia binding on us hold, as did that case, that equity cannot enjoin the sale under execution of personal property claimed by a third party, when the property is not, from its nature, of peculiar value to its owner, and its sale will not greatly injure the owner by the consequential damage it would produce. That case expresses doubt whether the fact that consequential damage would alone give equity jurisdiction, thus making it rest on peculiarity in the character of the property. This doctrine is repeated in *White* v. *Stender*, 24 W. Va. 615. It is a firm rule, under many decisions, in the Virginias. It is hard to allow equity jurisdiction, under their decisions, in such cases. It must be very plainly shown, under the particular circumstances, that the property is of very peculiar character, and that the consequential damage would entail irreparable injury. I incline to admit that, if a party were actually engaged in boring an oil well, and the tools being used were levied on as the property of another, and great consequential damage would result from sale, equity would intervene. The bill charges irreparable injury to ensue from the sale, the answer denies it, and there is no proof of it. They were not boring a well. It had been bored without result, and abandoned. Tools for oil wells are easily bought. They possess no peculiar quality in themselves.''

The facts do not justify equitable jurisdiction to prevent multiplicity of suits under the claim that other creditors of the Stramer Fuel Company may also levy on the property. ''The fact that attachments by four distinct creditors are levied on goods of a common debtor, they having no connection, will not give a third party, claiming the goods, an injunction on the ground of preventing multiplicity of suits.'' *Zanhizer* v. *Hefner*, cited.

Notwithstanding the general rule that injunction is not the proper remedy for the recovery of personal property, we are, nevertheless, of the opinion that the facts in this case justify the relief sought. The property having been sold at a judicial sale for the benefit of the defendant, J. E. Powell, and others whom he represents, the purchaser could have enforced his right of possession against Powell by a rule in the proceeding in which the sale was directed and which had been

instituted by Powell in his individual and representative capacities. This action having terminated before the purchaser had been placed in possession of the property, he should now, upon the same principle, be protected by injunction in the exercise of his right of possession as against the defendants.

There is no merit in the theory of the answer that the Stramer Fuel Company and Vermillion Coal Company are one. Although the two companies have some common officers and stockholders, they are entirely separate and distinct corporations. "Corporations may be treated as one only when they are shown to be business conduits, and the *alter ego* of one another. It is not enough that stockholders are identical, nor that one corporation owns stock in another, or that they have interrelated dealings." Fletcher on Corporations, Vol. 1, p. 63.

The decree of the circuit court will be reversed, and the temporary injunction awarded by a member of this Court reinstated and perpetuated.

*Reversed; injunction perpetuated.*